UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIAVASH VAFAEI,<br><br>        Plaintiff,<br><br>     v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br>THE BANK OF NEW YORK MELLON<br>AND DOES 1 TO 50, INCLUSIVE,<br><br>        Defendants. | Case No.   4:17-cv-07280-DMR<br><br>**ORDER ON MOTION TO DISMISS<br>AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 11, 12 |

Defendants Select Portfolio Servicing, Inc. ("SPS") and The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-62, Mortgage Pass-Through Certificates, Series 2005-62 ("BNYM") move the court to dismiss pro se Plaintiff Siavash Vafaei's complaint pursuant to Federal Rule of Procedure Rule 12(b)(6). [Docket No. 11.] They also move to strike portions of the complaint under Rule 12(f). [Docket No. 12.] This matter is suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b). For the following reasons, the court grants Defendants' motion to dismiss. The motion to strike is denied as moot.

## I. BACKGROUND

In September 2005, Vafaei recorded a deed of trust for property located at 5121 Concord Boulevard in Concord, California (the "Concord property"), as security for a $500,000 loan. [Docket No. 13 (Defs.' Req. for Judicial Notice, "RJN") Ex. B at ¶ F.][1] The deed named

---

[1] Defendants request that the court take judicial notice of nineteen documents. They include documents filed with the Contra Costa County Recorder's Office, along with court filings and orders from Vafaei's two bankruptcy actions. The Federal Rules of Evidence permit courts to take judicial notice of facts "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take notice of "matters of public record," *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th

America's Wholesale Lender as lender, CTC Real Estate Services as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. *Id.* at ¶¶ C, D, and E. In late September 2011, MERS assigned the deed of trust to Defendant BNYM. RJN Ex. C. Quality Loan Service Corporation was substituted as trustee in April 2013. RJN Ex. D.

On May 31, 2013, a notice of default was recorded against the property. RJN Ex. E. According to the notice, Vafaei owed $41,200.31 in past due payments. *Id.* Two trustee's sale notices followed, one in January 2014 and one in June 2014. RJN Exs. F and G. A third notice was recorded in October 2017. RJN Ex. H. The record does not reveal whether a sale has occurred.

Vafaei filed this lawsuit on December 22, 2017. The complaint is vague and alleges no concrete facts. For that reason, it is not clear what Vafaei is claiming that SPS and BNYM did wrong, and when they did it. Vafaei begins by alleging that "events have especially taken place within the last few years, following the crises and debacles stemming from the Mortgage Meltdown disaster circa 2008." Compl. ¶ III.B. He goes on to assert that his claims "exist from divergent paths taken by both the mortgage note and the deed of trust; e.g., A cloud on all title activity exists due to no definitive claimant of ownership of the note(s), due to divergent paths taken by both the mortgage note and by the deed of trust." *Id.* Vafaei alleges that his constitutional rights have been denied "per improper mortgage company procedures, both servicing through an independent broker/realtor . . . including, but not limited to, improper noticing for mortgage note and deed activities." *Id.* at ¶ III.C. Vafaei also disputes the validity of Defendants' deed to the Concord property, but does not explain the basis for challenging its validity. *Id.* at ¶ IV. Construing the complaint liberally, Vafaei alleges the following claims for

---

Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002), and other related court proceedings and filings. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc,.* 971 F.2d 244, 248 (9th Cir. 1992). Here, documents filed with the recorder's office are public records and thus judicially noticeable. The court may also properly take notice of the bankruptcy filings as court proceedings. Vafaei did not dispute the authenticity of any of the documents submitted with Defendants' request and did not object to the court's taking judicial notice of any of the documents. Thus, the court grants the Defendants' request for judicial notice.

relief: (1) denial of due process and unspecified constitutional rights, (2) fraud, (3) negligence, and (4) misrepresentation. *Id.* at ¶ III.C. Vafaei requests cancellation of Defendants' deed as well as $950,000 in monetary and punitive damages. *Id.* at ¶ V.

On February 27, 2018, Defendants filed a motion to dismiss the complaint in which they argue that Vafaei's claims are barred by judicial estoppel and the applicable statutes of limitations, and that the complaint fails to state a claim for relief. [Docket No. 11.] They also move to strike the portions of the complaint seeking punitive damages. [Docket No. 12.]

After Vafaei failed to timely oppose the motion, the court issued an order to show cause on March 19, 2018. [Docket No. 17 (Order to Show Cause).] The order to show cause required Vafaei to (1) explain his failure to respond to the motion, and to (2) either submit his opposition to Defendants' motions or file a statement of non-opposition by March 26, 2018. Vafaei responded by the March 26 deadline, but did not provide an explanation for his earlier failure to respond. [Docket No. 18 (Pl.'s Opp'n).] Instead, he filed a late opposition that discusses federal pleading standards and essentially reasserts portions of the complaint. Vafaei does not address Defendants' substantive arguments, and does not respond to the motion to strike the complaint's references to punitive damages. *Id*. at 1-3.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged

3

must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## III. DISCUSSION

Defendants argue that the entire case should be dismissed based on the doctrine of judicial estoppel. They assert that Vafaei filed for bankruptcy in September 2011, and again in October 2014. According to Defendants, Vafaei's bankruptcy filings failed to disclose the existence of the claims that he now pursues through this lawsuit, which should result in judicial estoppel and dismissal.

Judicial estoppel as "an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). "Because it is intended to protect the integrity of the judicial process, [judicial estoppel] is an equitable doctrine invoked by a court at its discretion." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (quotation omitted).

Judicial estoppel may apply where a party has filed for bankruptcy, and pursues claims in a

4

civil lawsuit, but fails to disclose the existence of those claims to the bankruptcy court. As noted by the Ninth Circuit, "[t]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *Hamilton*, 270 F.3d 778, 785 (quotation omitted). Indeed, "the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all their assets." *Id.* (quotation omitted). For this reason, "a party is judicially estopped from asserting a cause of action [in the civil lawsuit] not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d 778,783.

In *Hamilton*, the Ninth Circuit enumerated three factors that courts may use to determine whether a court should apply judicial estoppel. *Hamilton*, 270 F.3d 778, 782-83. The factors include: (1) whether a party asserted a position "clearly inconsistent" with an earlier position; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)). These factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," and "[a]dditional considerations may inform the doctrine's application in specific factual contexts." *New Hampshire*, 532 U.S. 742, 751.

In this case, Vafaei filed two Chapter 13 bankruptcy petitions.

Vafaei filed the first petition on September 6, 2011. RJN Exs. I and J. In various schedules that he submitted to the bankruptcy court under penalty of perjury (RJN Ex. J at ECF pp. 4, 25, 33), Vafaei disclosed the Concord property as an asset and listed BAC Home Loans Servicing, LP and PNC Bank as the two creditors holding secured claims against the Concord property. RJN Ex. J at ECF pp. 10, 15.[2] He did not disclose the existence of the potential claims that he brings in this lawsuit. His 2011 bankruptcy filings include a standard Bankruptcy

---

[2] Where specific page references are indicated, all page numbers refer to the ECF page numbers at the top of the page. These numbers refer to the pagination of the docket in this case rather than the docket numbers of the original bankruptcy filings.

5

Schedule B, "Personal Property," which specifically requires the debtor to list "Other contingent and unliquidated claims of every nature, including . . . counterclaims of the debtor . . . ." RJN Ex. J at ECF p. 11-13. Vafaei indicated that he had "none." *Id.* at ECF p. 12.

When he filed his bankruptcy petition, Vafaei received the benefit of an automatic stay of all but exempted actions to recover claims against him. 11 U.S.C. § 362. The court approved the first bankruptcy plan in January 2012. RJN Ex. L. In December 2012, the court granted relief from the automatic stay to BNYM, through its agent SPS, to allow Defendants to pursue foreclosure of the Concord property. RJN Ex. M. Vafaei later requested a voluntary dismissal of his bankruptcy case, which the court granted on November 3, 2014. *See* RJN Ex. I at ECF pp. 2,8.

Vafaei filed his second bankruptcy petition on October 8, 2014. RJN Ex. N. Vafaei again listed the Concord property as an asset, and listed Bank of America, N.A. and PNC Bank as creditors for the Concord property. RNJ Ex. P at ECF pp. 4, 9. He listed SPS as the "Notice only-servicer for BofA." RJN Ex. P at ECF p. 9. He did not list BNYM as a creditor for the Concord property. *Id*. As in the prior petition, Vafaei did not disclose any of the potential claims that he now brings in this lawsuit on his Schedule B, "Personal Property." RJN Ex. P at ECF pp. 5-7. He marked "NONE" for Paragraph 21, which requested information for "[o]ther contingent and unliquidated claims of every nature . . . ." *Id.* at ECF p. 6. Vafaei once again submitted his petition, his schedules, and his statement of financial affairs under penalty of perjury. RJN Ex. O at ECF p. 4; RJN Ex. P at ECF pp. 22, 30.

The court approved Vafaei's second amended bankruptcy plan in March 2015. RJN Ex. R. The plan included a modification of the monthly payment to SPS from $1,990 to $1,400, pending a loan modification application. RJN Ex. Q at ECF pp. 3-4. In early March 2017, Defendants moved for relief from the automatic bankruptcy stay in order to allow them to proceed with foreclosure of the Concord property. RJN Ex. N at ECF p. 12; Ex. S. The underlying bankruptcy action has not yet been dismissed. *See* RJN Ex. N.

Applying the *Hamilton* factors, the first factor examines whether a party asserted a position "clearly inconsistent" with an earlier position. *Hamilton*, 270 F.3d 778, 782 (quoting *New Hampshire*, 532 U.S. 742, 750). As discussed above, the bankruptcy records indisputably

demonstrate that Vafaei did not disclose the potential claims that he now pursues in either of his bankruptcy filings. RJN Ex. J at ECF p. 12 ¶ 21; RJN Ex. P at ECF p. 6 ¶ 21. In both bankruptcy filings, Vafaei represented that he had no contingent or unliquidated claims, including any possible counterclaims against any of the parties with an interest in the Concord property.

In order to analyze this factor, it is important to determine when Vafaei understood that he had the claims that he now pursues, in relation to the dates that he filed his two bankruptcy petitions. *See Hamilton*, 270 F.3d 778, 784 ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset."). The vague nature of Vafaei's complaint makes it difficult to understand what events form the basis of his claims, and when those events occurred. According to the complaint, his claims arose as early as 2008. As discussed above, judicially noticed records establish that the deed was assigned to BNYM in September 2011, and Quality Loan Service Corporation was substituted as Trustee in April 2013. A notice of default was recorded on May 31, 2013. Three notices of trustee's sale were recorded in January 2014, July 2014, and October 2017. The first bankruptcy petition was filed in September 2011, and dismissed in November 2014. Therefore, of the currently known events that could form the basis for Vafaei's claims, all occurred before dismissal of the first bankruptcy, except for the October 2017 notice of trustee's sale. The second petition for bankruptcy is still pending, but Vafaei has not put the bankruptcy court on notice of the claims he brings in this lawsuit, even though he is obviously aware of them. He has an ongoing duty to amend his filings to disclose potential claims throughout the duration of the bankruptcy proceeding, *Hamilton*, 270 F.3d 778, 785, but there is no evidence in the record that he has attempted to do so.

In sum, in both petitions, Vafaei represented to the bankruptcy court that he had no outstanding claims, even though he is pursuing claims against Defendants in this court. Full disclosure in bankruptcy of all assets, including potential claims against others, is necessary because both the bankruptcy court and creditors rely on this information. *Hamilton*, 270 F.3d 778, 785. Thus, the first *Hamilton* factor weighs in favor of applying judicial estoppel.

The second *Hamilton* factor instructs the court to review "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Hamilton*, 270 F.3d 778, 782 (quoting *New Hampshire*, 532 U.S. 742, 750). This factor "is often dispositive." *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012). Here, the bankruptcy court approved Vafaei's first bankruptcy plan in January 2012. RJN Ex. L. It approved Vafaei's amended plan in the second bankruptcy proceeding in March 2015. RJN Ex. R. As noted above, Vafaei did not provide information about his potential claims to the bankruptcy court in either of his petitions. By approving the plans, the bankruptcy court accepted Vafaei's position that he did not have any potential claims as assets. *See Hamilton*, 270 F.3d 778, 784 (citing with approval *Donaldson v. Bernstein*, 104 F.3d 547, 555-56 (3rd Cir. 1997) (holding that judicial acceptance was satisfied when the court approved the debtor's plan of reorganization)). Automatic stays may constitute further markers of judicial acceptance. *Hannon v. Wells Fargo Bank, N.A.*, No. 14-CV-05381-LHK, 2015 WL 4776305, at *6 (N.D. Cal. Aug. 13, 2015). Thus, the second *Hamilton* factor also weighs in favor of judicial estoppel.

The third *Hamilton* factor asks "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Hamilton*, 270 F.3d 778, 783 (quoting *New Hampshire,* 532 U.S. 742, 751). Upon initiating bankruptcy, a debtor "disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets." *Hamilton*, 270 F.3d 778, 785. The record indicates Vafaei received automatic stays of the foreclosure proceedings in both of his bankruptcy proceedings. Furthermore, in the current bankruptcy proceeding, Vafaei's second amended plan shows modification of the payment to SPS from $1,990 to $1,400, pending a loan modification application.[3] RJN Ex. Q at ECF p. 3-4. The bankruptcy court approved the plan and found that it

---

[3] The amended plan indicates that should the loan modification application be denied, the debtor is required to file an amended plan. RJN Ex. Q, ECF p. 4 ¶ 2.08 (c). The record before the court does not include a subsequent amended plan.

8

had been made in "good faith." RJN Ex. R at ¶ 3(c). Thus, Vafaei received the benefits of both a payment modification and stay of foreclosure without disclosing all of his potential assets—namely, the claims that he brings in this lawsuit. These benefits constitute an unfair advantage. For these reasons, the third *Hamilton* factor also weighs in favor of judicial estoppel.

Even though it appears that application of judicial estoppel may well be appropriate here, the vagueness of Vafaei's allegations prevent the court from rendering a final decision at this juncture. "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). Accordingly, Vafaei's complaint is dismissed with leave to amend to cure the deficiencies noted in this order by **August 8, 2018**.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The motion to strike is denied as moot. Any amended complaint shall be filed by August 8, 2018.

**IT IS SO ORDERED.**

Dated: July 25, 2018



Donna M. Ryu
United States Magistrate Judge

---

[4] Because the court finds that Vafaei's claims are barred by the doctrine of judicial estoppel, it does not reach the merits of Defendants' remaining arguments in support of their motion to dismiss or Defendants' motion to strike punitive damages.

9